IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JACK RICHARD WARD | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:15-CV-138 |
| | § | |
| JOHN B. FOX, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jack Richard Ward, a federal prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA) against John B. Fox, Charles William Bynum, and the United States of America.

Defendants Fox and Bynum have filed a motion to dismiss or for summary judgment. Plaintiff did not file a response to Defendants' motion to dismiss or for summary judgment. When no response has been filed, the court will "assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." Local Rule CV-56(c). *See also* Local Rule CV-7(d) ("a party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion"). However, the court will not grant summary judgment simply because there was no response but will consider whether the uncontested facts established by the motion and it supporting evidence entitle Defendants to a complete or partial summary judgment. This Memorandum Opinion does not address the FTCA claim against the United States of America.

Factual Background

Plaintiff alleges the Beaumont penitentiary was placed on lockdown status on June 20, 2013, due to unrest in the prison. The warden of the penitentiary, Defendant Fox, issued a memorandum ordering most inmates to stay in their cells while staff members conducted searches. Plaintiff alleges Defendant Fox ordered UNICOR[1] inmates to report to work or face disciplinary action for refusing to work.

Plaintiff was one of the UNICOR inmates who was expected to work during the lockdown. Plaintiff alleges that Defendants Fox and Bynum knew that inmates who "work for staff during a prison lock-down" were usually assaulted by other inmates. Plaintiff further alleges he specifically spoke with Defendant Fox when he stopped at Plaintiff's cell while making his rounds of the prison. Plaintiff alleges he told Defendant Fox that working during a lockdown was "dangerous and risky," and it was not a good idea. Plaintiff alleges that Defendant Fox told him that he was required to work, and he would receive an incident report if he refused to work.

Plaintiff alleges he spoke with Defendant Bynum, who was the superintendent of industries, after Plaintiff returned to work. Plaintiff advised Defendant Bynum that he had been threatened for going to work. Defendant Bynum allegedly asked Plaintiff if the threat was made by the group "dirty white boys." Plaintiff responded that he did not know who was threatening him. Plaintiff alleges Defendant Bynum said that he did not think anyone "would get any brownie points" for attacking Plaintiff due to his age.

---

1. Federal Prison Industries, which goes by the trade name of UNICOR, is a wholly-owned government corporation established by Congress that provides job training for inmates. The UNICOR factory at the Beaumont penitentiary employs 160 inmates and makes combat uniforms for the military. Exhibit D at 3.

On July 20, 2013, Plaintiff alleges he was assaulted in his housing unit by two inmates because he worked at UNICOR during the lockdown. Plaintiff alleges the attack left him unconscious, and he suffered from headaches, blurred vision, and a broken nose. After the attack, Administrative Segregation Special Investigator Agent Mr. Childers allegedly came to interview Plaintiff and informed him of the identities of the individuals who assaulted him and that their reason for doing so was because Plaintiff worked during the lockdown. One week after the attack, Plaintiff was transferred to a different prison facility. Plaintiff alleges he failed to timely file his administrative grievance forms due to the move and the injuries he sustained from the assault.

## Defendants' Motion for Summary Judgment

Defendants Fox and Bynum contend that they are entitled to qualified immunity because there is not a genuine issue of material fact as to whether they violated a constitutional right.[2] In particular, Defendants allege Plaintiff failed to demonstrate they were deliberately indifferent to the information Plaintiff provided. In support of the motion, Defendants submitted the affidavits of Defendants Fox and Bynum, among other materials.

In his affidavit, Defendant Fox states that he placed the Beaumont penitentiary on lockdown on June 23, 2013, after a series of assaults committed by inmates, including an inmate assault on a staff member. Exhibit D at 2. Defendant Fox states that he ordered all housing units and common areas to be searched, and all inmates to be interviewed by staff to identify potential problems and address the problems prior to the prison resuming normal operations. Ex. D at 3. On June 21, 2013, Defendant Fox directed staff to investigate "non-specific and vague information

---

2. Defendants also contend that Plaintiff failed to exhaust administrative remedies. Because there is no genuine issue of material fact as to whether Defendants were deliberately indifferent, this court need not reach the issue of administrative remedy exhaustion.

that unidentified White inmates wanted to assault White inmates who worked in UNICOR during the lockdown." Ex. D at 4. On July 1, 2013, inmates with UNICOR work assignments were directed to return to work after their housing units had been searched and the inmates in their unit had been interviewed. Ex. D at 3. This is the procedure that was followed during previous lockdowns at the prison. Ex. D at 3. Defendant Fox states that he directed investigative staff to work with Defendant Bynum to ensure there were no known safety or security risks with the inmates returning to work at UNICOR. Ex. D at 3. Defendant Fox states that he was not aware of a specific threat to Plaintiff when he returned to work. Ex. D at 4. Defendant Fox recalls that inmates expressed vague and non-specific concerns about reporting to work in UNICOR during the lockdown, but he states that no inmate ever identified a specific threat to him. Ex. D at 4.

Defendant Bynum states that there were rumors regarding vague, non-specific threats that inmates would be assaulted if they returned to work in the UNICOR factory, but he never received specific information about particular inmates who were making threats or any specific inmates who were targeted. Ex. E at 3.

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248;

4

*Instone Travel Tech*, 334 F.3d at 427 (quoting *Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*, 257 F.3d 449, 456 (5th Cir. 2001)).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991) (citing *Jackson v. Procunier,* 789 F.2d 307, 310 (5th Cir. 1986)). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

## Analysis

### *Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials if "their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. Then, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. For a constitutional right to be clearly established, "its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope*, 536 U.S. at 739. "That is not to say that an official action is protected by qualified immunity unless the very

5

action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (internal citations and quotations omitted).

The district court has discretion to decide which prong of the two-part test to address first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In this case, the court will start with the first prong. Thus, the court must determine whether the competent summary judgment evidence demonstrates that Defendants Fox and Bynum violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from an attack by fellow inmates.

*Failure to Protect*

Prison officials have a duty under the Eighth Amendment to protect prisoners from other inmates, but not all inmate-on-inmate violence rises to the level of a constitutional violation. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An Eighth Amendment claim consists of two components—one objective and one subjective. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994). To satisfy the objective requirement, Plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cty.*, 286 F.3d 257, 262 (5th Cir. 2002). Plaintiff must also demonstrate that the Defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; Plaintiff must establish that Defendants were aware that Plaintiff faced "a substantial risk of serious harm" but "disregard[ed] that risk by failing to take reasonable measure to abate it." *Farmer*, 511 U.S. at 847; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Under exceptional circumstances, a defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Harris v. Hegman*, 198 F.3d 153, 159

6

(5th Cir. 1999) (quoting *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)). *See also Farmer*, 511 U.S. at 842, n.8

The competent summary judgment evidence shows that the Defendants were not deliberately indifferent to plaintiff's safety. Accepting Plaintiff's version of the events as true, he told Defendant Fox that it was "dangerous and risky" to return to work. Plaintiff told Defendant Bynum that he was threatened for going back to work, but he did not identify any specific inmates who were making the threats. At no time did Plaintiff provide either Defendant with specific information regarding the threats or identify inmates who allegedly threatened him. The vague information possessed by the Defendants was not sufficient to put them on notice that there was a substantial risk of harm to Plaintiff if he returned to work. *See Armstrong v. Price*, 190 F. App'x 350, 353 (5th Cir. 2006) (holding that plaintiff failed to establish that a reasonable officer would know there was a substantial risk of harm based on the vague information plaintiff provided to them). Further, instead of disregarding the vague, general risk to Plaintiff, Defendants investigated rumors of the potential threats, including searching units and interviewing inmates, before Plaintiff worked at UNICOR during the lockdown.

Because there are no genuine issues of material fact regarding the claim that Defendants Fox and Bynum failed to protect Plaintiff, the Defendants are entitled to qualified immunity, and the motion for summary judgment will be granted.

## ORDER

For the reasons set forth above, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Dkt. #51] is **GRANTED**. A partial judgment will be entered in accordance with this memorandum opinion and order.

**So Ordered and Signed**
**Mar 29, 2018**

_____
Ron Clark, United States District Judge